BAKER *v.* HUGHES et al.

MASTER AND SERVANT — *liability of master for injury to servant.* A master is not liable to his servant in damages for an injury received by the latter in the course of his employment, where the injury results from the wrongful act of the latter.

Apparently, the driver of a stage-coach has equal authority with one who is employed to solicit passengers, in respect to the number of passengers to be carried, and if the coach be overloaded, and thereby overturned, the driver and the other are equally in fault, and neither one nor the other can have an action against the employers for an injury occasioned by the upsetting of the coach.

PRACTICE — *power of court to nonsuit.* By statute (9 Sess. 99), the court has power to direct a nonsuit whenever the plaintiff fails to make a case.

*Error to District Court, Arapahoe County.*

ACTION on the case to recover damages for injuries received by plaintiff, while engaged in driving a stage-coach for the defendants, caused by the upsetting of the coach. It appeared in evidence that Baker, the plaintiff, was employed to drive the coach, which was used for transporting passengers, and that, upon the occasion when the injury was received, the coach was brought out upon the order of one Dykins, who superintended the loading and collected the fares.

That there were nine passengers inside of the coach, and

nineteen upon the outside, which probably caused it to overturn upon quite level ground. There was nothing to show that the plaintiff, in any manner, objected to the way in which the coach was loaded, but one witness testified that, when the passengers were getting upon the coach, the plaintiff cried out "Plenty of room on the top."

The plaintiff was nonsuited at the trial, and prosecuted this writ of error.

Mr. H. R. HUNT, for plaintiff in error.

Mr. B. M. HUGHES, for defendants in error.

HALLETT, C. J.  It appears that Dykins was employed to solicit passengers and collect fares, and to direct the movements of the coach, while the plaintiff was employed to drive the same coach.  Having authority to fill all the seats designed for the use of passengers, and to direct where the coach should be driven, Dykins was, to that extent, in charge of the coach, and yet the plaintiff, as driver, was also in charge, for he was required, with the aid of the horses, to move the coach to such point as Dykins should direct.  In respect to the manner of performing his duty, plaintiff was not under the control of Dykins, nor was he bound to accept a dangerous load at Dykins' command.  In the absence of proof upon the point, it cannot be presumed that defendants authorized either Dykins or plaintiff to overload the coach, and both Dykins and plaintiff being present, acquiescing in, if not actively promoting the wrongful act, must be regarded as equally responsible for it.  The circumstance that the plaintiff was the driver of the coach, devolved upon him the duty of seeing that it was not overloaded, for the coach could not be safely moved with a greater number of passengers than it was designed to carry. If Dykins was equally chargeable with this duty, the plaintiff was not thereby relieved of responsibility in the premises, nor could he lawfully accept the command of Dykins as to taking passengers on the coach after all the seats were full.  If the plaintiff alone had been present at the time

the passengers were taken upon the coach, there could be no doubt that he alone should be held accountable for the wrongful act, and the circumstance that Dykins was present, aiding or even directing the plaintiff in that behalf, does not diminish the responsibility of the latter.

Therefore, the right of the plaintiff to recover damages for an injury resulting from his own wrongful act, upon well-established principles, must be denied.

The right of the court to nonsuit the plaintiff, where the evidence produced is insufficient to sustain a verdict in his favor, is expressly declared by an act of the last assembly. 9 Sess. 99. This evidence was not sufficient to support the plaintiff's demand, and nothing could have been gained by submitting it to the jury.

The evidence that two of the defendants were standing at some distance from the coach at the time the passengers were taking their seats, and that they were looking in the direction of the coach, is not regarded as sufficient to charge them with knowledge of what was taking place. And if they had knowledge of the fact that their servants were overloading the coach, it may well be doubted whether this would amount to an express command. But it seems to be unnecessary to enter upon this question.

The judgment of the district court is affirmed, with costs.

*Affirmed.*